Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1702 | **DATE** | 4/24/2002 |
| **CASE TITLE** | Contrak, Inc. vs. Paramount | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ICSB Moody International Inc.'s motion to dismiss (23-1) is granted and ICSB Moody International Inc. is hereby dismissed. The motion of ICSB-Moody(S) Pte Ltd. and ICSB-Moody Tottrup, Ltd. to dismiss (24-1) is dismissed for lack of standing. Third-Party defendants' motion for leave to file amended appearance of counsel is denied. Enter Memorandum Opinion and Order. Moltzen & Kindwald, Ltd.'s motion to withdraw as counsel for plaintiff is granted. Plaintiff's motion for a 21-day extension of time to answer Paramount Enterprises International, Inc.'s request to admit is also granted-

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 4 number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | APR 25 2002 date docketed | 69 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/24/2002 date mailed notice | |
| MPJ | courtroom deputy's initials | MP | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CONTRAK, INC.,

    Plaintiff,

v.

PARAMOUNT ENTERPRISES INTERNATIONAL INC.,

    Defendant.

---

PARAMOUNT ENTERPRISES INTERNATIONAL INC.,

    Third-Party Plaintiff,

v.

TEXTAINER EQUIPMENT MANAGEMENT (U.S.) LIMITED, INTERNATIONAL CONTAINER SURVEY BURO, ICSB MOODY INTERNATIONAL INC.,

    Third-Party Defendants.

No. 01 C 1702



## MEMORANDUM OPINION AND ORDER

Contrak, Inc. sued Paramount Enterprises International, Inc. ("Paramount") for breach of a leasing contract involving shipping containers used for the transport of explosives. Paramount answered the complaint and filed a third-party complaint against Textainer Equipment Management (U.S.) Limited ("Textainer"),[1] International Container Survey Buro, and ICSB Moody International Inc.

---

[1] I denied Textainer's motion to dismiss Paramount's third-party complaint. See Minute Order of Sept. 13, 2001.

("International"). International moves to dismiss, and two entities named ICSB-Moody(S) Pte Ltd. ("ICSB(S)") and ICSB-Moody Tottrup Ltd. ("ICSB-Tottrup") filed a separate motion to dismiss. I grant International's motion, and dismiss ICSB(S) and ICSB-Tottrup's motion for lack of standing.

I.

Paramount is in the business of supplying and transporting explosives. Contrak leased shipping containers to Paramount, and sued Paramount for failing to return containers and make payments under the lease. Paramount has denied liability, and it also impleaded Textainer, International Container Survey Buro, and International, claiming that International and International Container Survey Buro agreed to survey and inspect containers, supplied by Contrak and Textainer, to ensure that the containers complied with regulatory standards for the shipment of explosives. Paramount claims that International and International Container Survey Buro were negligent and breached their contract by failing to perform proper surveys and by approving nonconforming containers to be loaded with explosives and shipped to Guam; presumably, Paramount would have been able to return the containers to Contrak on time if they had been surveyed properly. International, ICSB(S) and ICSB-Tottrup move to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and for failure to state a claim under Rule 12(b)(6).

2

II.

Before reaching the merits of the parties' motions, I consider the timeliness of Paramount's third-party complaint. Under Fed. R. Civ. P. 14(a), a defendant may file a third-party complaint without obtaining prior leave of court if the third-party complaint is filed "not later than 10 days after serving the original answer." Here Paramount filed its answer on May 14, 2001, but did not file its third-party complaint until May 29, 2001, fifteen days later, and did not seek leave of court. International moves to dismiss the third-party complaint for failure to comply with Rule 14(a), but it did not consult Rule 6(a), which states that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." Memorial Day is a "legal holiday," *id.*, and it fell on May 28 in 2001. The third-party complaint, filed fifteen days (minus two Saturdays, two Sundays and a legal holiday) after the answer, was timely.

III.

On a motion to dismiss for lack of jurisdiction, I read the complaint liberally and accept as true the well pleaded allegations of the complaint and the inferences that may be reasonably drawn from those allegations. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). International submits the affidavit of Daniel DeVooght in support of its motion, and Paramount submits a counter-

3

affidavit of Joseph Walsh in response. I may consider evidence outside of the complaint, and "[t]he presumption of correctness . . . accord[ed] to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question." *Id.* at 856. However, I resolve disputes in the affidavits or evidence in favor of the non-moving party. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997).

I have personal jurisdiction over International only if an Illinois state court would have such jurisdiction. *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995). The plaintiff has the burden of showing that jurisdiction is proper under (1) the Illinois long-arm statute, 735 ILCS 5/2-209, (2) Illinois constitutional law, and (3) federal constitutional law. *RAR, Inc.*, 107 F.3d at 1276. The Illinois long-arm statute authorizes personal jurisdiction to the limits of the Illinois and federal constitutions, § 2-209(c), so the inquiry collapses into two constitutional inquiries--state and federal. 107 F.3d at 1276.

To satisfy the Due Process Clause of the Fourteenth Amendment, "[a] defendant must have 'certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" *RAR, Inc.*, 107 F.3d at 1277 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). What that standard means depends on whether the

affidavit of Joseph Walsh in response. I may consider evidence outside of the complaint, and "[t]he presumption of correctness . . . accord[ed] to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question." *Id.* at 856. However, I resolve disputes in the affidavits or evidence in favor of the non-moving party. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997).

I have personal jurisdiction over International only if an Illinois state court would have such jurisdiction. *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995). The plaintiff has the burden of showing that jurisdiction is proper under (1) the Illinois long-arm statute, 735 ILCS 5/2-209, (2) Illinois constitutional law, and (3) federal constitutional law. *RAR, Inc.*, 107 F.3d at 1276. The Illinois long-arm statute authorizes personal jurisdiction to the limits of the Illinois and federal constitutions, § 2-209(c), so the inquiry collapses into two constitutional inquiries--state and federal. 107 F.3d at 1276.

To satisfy the Due Process Clause of the Fourteenth Amendment, "[a] defendant must have 'certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" *RAR, Inc.*, 107 F.3d at 1277 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). What that standard means depends on whether the

affidavit of Joseph Walsh in response. I may consider evidence outside of the complaint, and "[t]he presumption of correctness . . . accord[ed] to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question." *Id.* at 856. However, I resolve disputes in the affidavits or evidence in favor of the non-moving party. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997).

I have personal jurisdiction over International only if an Illinois state court would have such jurisdiction. *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995). The plaintiff has the burden of showing that jurisdiction is proper under (1) the Illinois long-arm statute, 735 ILCS 5/2-209, (2) Illinois constitutional law, and (3) federal constitutional law. *RAR, Inc.*, 107 F.3d at 1276. The Illinois long-arm statute authorizes personal jurisdiction to the limits of the Illinois and federal constitutions, § 2-209(c), so the inquiry collapses into two constitutional inquiries--state and federal. 107 F.3d at 1276.

To satisfy the Due Process Clause of the Fourteenth Amendment, "[a] defendant must have 'certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" *RAR, Inc.*, 107 F.3d at 1277 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). What that standard means depends on whether the

state asserts "general" or "specific" jurisdiction. *Id.* Specific jurisdiction exists where the lawsuit arises out of or is related to the defendant's contacts with the state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The defendant must have "purposefully established minimum contacts within the forum State" and so "should reasonably anticipate being haled into court" in the forum state because it "purposefully availed itself of the privilege of conducting activities" there. *RAR, Inc.*, 107 F.3d at 1277 (citations omitted). The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1360 (7th Cir. 1996) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "General jurisdiction, meanwhile, is for suits neither arising out of nor related to the defendant's contacts, and it is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum." *RAR, Inc.*, 107 F.3d at 1277 (citing *Helicopteros*, 466 U.S. at 416).

I consider general jurisdiction first. International was[2] a

---

[2] International's corporate charter was revoked by the State of Delaware sometime before May 2000. DeVooght Aff. ¶ 4. Where the people composing an *unincorporated* association "sue in their collective name, they are the parties whose citizenship determines the diversity jurisdiction of a federal court." *Navarro Sav. Ass'n*

5

Delaware corporation with its principal place of business in Houston, Texas. DeVooght Aff. ¶ 4. It has no office, agent, or employees in Illinois, *id.* ¶ 9, is not registered to do business in Illinois, *id.* ¶ 10, and no employee or agent of International has ever traveled to Illinois on business, *id.* ¶ 13. Paramount argues nonetheless that International has continuous contacts because the DeVooght affidavit states that "International, on occasion, contracted with a third-party to have a survey performed in the State of Illinois, when International had a customer requiring services in Illinois." DeVooght Aff. ¶ 15. However, neither "[m]ere occasional solicitation" nor "isolated, sporadic transactions with residents of the forum state" is enough to satisfy the requirements of general jurisdiction, *see Neiman v. Rudolf Wolff & Co., Ltd.*, 619 F.2d 1189, 1193 (7th Cir. 1980), and Paramount comes forward with no evidence to show that International's relationships with Illinois subcontractors were anything other than occasional.

The only other basis for general jurisdiction over International is its listing in the Chicago, Illinois, section of the 1999 Great Lakes/St. Lawrence Seaway Edition of the "Transportation Telephone Tickler," a business directory for the

---

*v. Lee*, 446 U.S. 458, 461 (1980). Thus, diversity jurisdiction would be destroyed if any of International's members were citizens of Illinois, but none are, so I am satisfied that I have subject matter jurisdiction here. *See United States v. County of Cook, Ill.*, 167 F.3d 381, 387 (7th Cir. 1999) (Court must raise subject matter jurisdiction *sua sponte.*).

6

shipping industry. But International was also listed in the sections for Pittsburgh, Pennsylvania, Cleveland, Ohio, and Detroit, Michigan, *see* International Reply Ex. C, so there is evidence that the advertisement in the Tickler was "not solely directed towards the State of Illinois," *see* DeVooght Aff. ¶ 11. A listing in a trade magazine or business guide is insufficient contact with Illinois to constitute the "continuous and systematic" contact required for general jurisdiction. *See Recycling Sciences Int'l, Inc. v. Soil Restoration and Recycling L.L.C.*, No. 00 C 0311, 2001 WL 289868, at *4 (N.D. Ill. Mar. 15, 2001) (Darrah, J.) (Advertisement in national publication was insufficient basis for general jurisdiction where non-resident defendant had no assets, office, agents, property, inventory, mailing address or telephone number in Illinois.); *Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1136 (5th Cir. 1987) ("[A]dvertising in national publications is not in itself sufficient to subject a defendant to personal jurisdiction."). I do not have general jurisdiction over International.

For the purposes of specific jurisdiction, the transaction at issue here is an alleged agreement between Contrak and International to provide surveys of containers, which were provided by Paramount to Contrak for shipment of explosives. Walsh Aff. ¶¶ 4-8. International denies that there was any such agreement, and supports this with Mr. DeVooght's statement that International

7

never entered into any agreement with Contrak to survey containers in Singapore, Hong Kong or Taiwan. DeVooght Aff. ¶ 17. But Mr. Walsh's affidavit controverts this, and Paramount is entitled to have conflicts in the affidavits resolved in its favor. *RAR, Inc.*, 107 F.3d at 1275. International argues that I should not give Mr. Walsh's affidavit any weight because, although Mr. Walsh, an owner of Paramount, states that he has personal knowledge of the facts in his affidavit, he does not say how he knows about the negotiation and formation of the agreement between Contrak and International. Several courts have suggested that affidavits submitted in response to a motion to dismiss under Rule 12(b)(2) must be based on personal knowledge or comply with Rule 56(e), *see Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1215 (11th Cir. 1999) (holding that only portions of affidavit setting forth specific facts within affiant's personal knowledge would be considered on motion to dismiss for lack of personal jurisdiction); *FDIC v. Oaklawn Apts.*, 959 F.2d 170, 175 & n.6 (10th Cir. 1992) (holding that Rule 56(e) requirements of personal knowledge, competency and admissible facts apply to affidavits submitted in support of or in opposition to motions to dismiss on jurisdictional grounds); *United Phosphorous, Ltd. v. Angus Chem. Co.*, No. 94 C 2078, 1996 WL 14036, at *1 (N.D. Ill. Jan. 11, 1996) (Gottschall, J.) (suggesting that Rule 56 procedures for evidence apply in context of Rule 12(b)(2) motion), but the Seventh Circuit has not addressed this issue. I need not

resolve this question, however, because even if I consider the allegations in Mr. Walsh's affidavit, they do not state a prima facie case of specific personal jurisdiction.

"[A]n out-of-state party's contract with an in-state party is alone not enough to establish the requisite minimum contacts" for specific jurisdiction. *RAR, Inc.*, 107 F.3d at 1277. "Rather, 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' must indicate the purposeful availment that makes litigating in the forum state foreseeable to the defendant." *Id.* (citing *Burger King*, 471 U.S. at 479). Here Paramount admits that Contrak, the Illinois party, "initiated contact" with International to provide for surveying services, Walsh Aff. ¶ 6, and that the performance of the agreement was to take place in Asia, not in Illinois, Resp. at 8. Mr. DeVooght's affidavit states that no employee of International ever traveled to Illinois on business, and nothing in Mr. Walsh's affidavit contradicts this. *Cf. Quantum Color Graphics, LLC v. Fan Ass'n Event Photo GmbH*, No. 01 C 0862, 2002 WL 92859, at *4-5 (N.D. Ill. Jan 23, 2002) (denying motion to dismiss where only contact was contract with Illinois resident, to be performed in Illinois, because record was silent as to which party initiated the negotiations and defendant offered no evidence). The only contacts tying the agreement to Illinois are Contrak's, and these cannot support the exercise of personal jurisdiction over International.

See *Mid-America Tablewares*, 100 F.3d at 1360 (Specific jurisdiction cannot be based solely on the "unilateral activity of another party or a third person."); *see also Asset Allocation & Mgmt. Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 569 (7th Cir. 1990) ("The question is whether [the defendant] was transacting business in Illinois, not whether [the plaintiff], the Illinois resident, was."). International lacks the minimum contacts necessary to support personal jurisdiction under federal due process standards, so I grant the motion to dismiss on that basis, and I need not consider whether the result would be the same under Illinois due process standards or whether Paramount's third-party complaint fails to state a claim.

IV.

The other entity that Paramount sued was International Container Survey Buro. ICSB(S) and ICSB-Tottrup appear to move to dismiss. They submit the affidavit of Jenny Kuo, an officer and director of ICSB(S) and ICSB-Tottrup, which states that "[t]here is no entity in existence known as 'International Container Survey Buro.'" Kuo Aff. (1) ¶ 39. In response, Paramount submits a document titled "ICSB Worldwide Address List," Ex. 2, which identifies International Container Survey Buro as a "Member of Moody Tottrup Group, World-Wide Quality Assurance, Inspection, Container and Procurement Specialists," and lists ICSB(S), ICSB-Tottrup, and International under the heading "ICSB Offices &

Agents." *Id.* ICSB(S) and ICSB-Tottrup argue that this is not competent to oppose Ms. Kuo's affidavit because it is not sworn testimony, but I am not limited to considering sworn affidavits on a motion to dismiss for lack of personal jurisdiction. *See Steel Warehouse of Wisc., Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998) (Plaintiff may rebut defendant's affidavits with "other evidence in the record."). In reply, Ms. Kuo submits another affidavit, in which she again states that there is "no entity in existence known as International Container Survey Buro or ICSB," and says that those are only "trade names used to denote independent entities who are members of the ICSB Group." Kuo Aff. (2) ¶ 4. I resolve conflicts in the affidavits or evidence in favor of Paramount for the purposes of this motion, *RAR, Inc.*, 107 F.3d at 1275, and I conclude that there is at least a factual question as to whether International Container Survey Buro or ICSB exists as an entity.[3]

ICSB(S) and ICSB-Tottrup claim that the naming of International Container Survey Buro was a "misnomer," because there is "no entity with that name in existence or involved in the

---

[3] My own research confirms that it does. International Container Survey Buro has a website, http://www.icsb-bv.nl/index.html (last visited Apr. 23, 2002), and its company profile states that ICSB was founded in 1980, has a staff that performs surveys, and "is a multi-national service company, with operations presently extending into over 50 countries." Thus, some entity by this name appears to exist, regardless of whether it played a role in the events relevant to this case.

11

transactions at issue," but they argue that they are the "proper parties" and "voluntarily appear, despite not being properly named or served with process." Mot. at 3. Whether International Container Survey Buro was actually involved in any of the transactions at issue is a question of liability, not of personal jurisdiction. As I have already determined, there is at least a factual question as to whether such an entity exists, so this is not a case of misnomer. *See Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 233 (7th Cir. 1996) (holding that "the misnomer provision [of Illinois law that allows a misnamed party's name to be corrected] applies when the right defendant has been sued by the wrong name, not when the wrong defendant has been sued").

Paramount claims that "ICSB(S) and ICSB-Tottrup appear to be intertwined with the Third-Party Defendants Paramount has named in the Third-Party Complaint, either as subcontractors and/or subsidiaries," Resp. at 5, and as I understand its theory, it seeks to hold International Container Survey Buro liable for the acts of its subsidiaries, so it is a real party in interest, and it is not clear that International Container Survey Buro was named in error. Paramount requests leave to correct party names only if I find that it has misnamed the proper third-party defendants, and I do not. Paramount is the master of its complaint, and I do not construe its response to ICSB(S) and ICSB-Tottrup's motion as a motion to amend the complaint to add ICSB(S) and ICSB-Tottrup as defendants or to

12

substitute them for International Container Survey Buro. ICSB(S) and ICSB-Tottrup, although they claim to be the parties involved in the transaction at issue here, were not sued, and they cannot be substituted as defendants for a defendant that exists without the suing party's permission.

The motion for leave to file an amended appearance of counsel is denied. Bell Boyd & Lloyd LLC entered an appearance on behalf of International Container Survey Buro, but now says that, after consultation with its overseas client, it has learned that International Container Survey Buro "is not a legal entity capable of being sued." There is evidence that it is an entity, however, and it cannot be substituted out of the lawsuit with an amended appearance of counsel. If Bell Boyd & Lloyd does not intend to represent International Container Survey Buro, it may file a motion to withdraw.

V.

ICSB Moody International Inc.'s motion to dismiss is GRANTED. I DISMISS the motion of ICSB-Moody(S) Pte Ltd. ("ICSB(S)") and ICSB-Moody Tottrup Ltd. ("ICSB-Tottrup") for lack of standing, and I DENY the motion for leave to file an amended appearance of counsel.

ENTER ORDER:

*Elaine E. Bucklo*

Elaine E. Bucklo
United States District Judge

Dated: April 24, 2002

13